MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, Bar No. 284832
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001
andrew.frederick@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Joseph Lewis, Bar No. 316770
One Market, Spear Street Tower
San Francisco, California 94105-1596
Telephone:  +1.415.442.1000
Facsimile:   +1.415.442.1001
joseph.lewis@morganlewis.com

Attorneys for Defendant
UNIFI AVIATION, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN WYATT, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNIFI AVIATION, LLC; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. **'23CV1241 LL    AHG**<br><br>[San Diego Sup. Court Case No. 37-2023-00022665-CU-OE-CTL]<br><br>**DEFENDANT UNIFI AVIATION, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332(d), 1441, 1446, 1453]** |

Morgan, Lewis & Bockius LLP
Attorneys at Law
Silicon Valley

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Unifi Aviation, LLC ("Defendant" or "Unifi") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.  This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

In support of this removal, Defendant states the following:

## I.    SUMMARY OF COMPLAINT

1.    On May 30, 2023, Plaintiff Robin Wyatt ("Plaintiff") filed an unverified class action complaint ("Complaint") in the Superior Court of the State of California, County of San Diego, entitled *Robin Wyatt v. Unifi Aviation, LLC,* Case No. 37-2023-00022665-CU-OE-CTL (the "Superior Court action").  The Complaint alleges seven causes of action: (1) failure to pay minimum wages for all hours worked in violation of Labor Code §§ 1194 and 1197; (2) failure to pay overtime wages in violation of Labor Code §§ 510 and 1194; (3) failure to provide meal periods in violation of Labor Code §§ 226.7 and 512; (4) failure to provide rest periods in violation of Labor Code § 226.7; (5) failure to provide complete and accurate wage statements in violation of Labor Code § 226; (6) failure to timely pay all earned wages and final paychecks due at time of separation of employment in violation of Labor Code §§ 201, 202, and 203; and (7) unfair and unlawful business practices in violation of Business & Professions Code § 17200, *et seq.*

2.    Plaintiff filed her Complaint after the effective date of the Class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

3.     On June 5, 2023, Plaintiff caused the Complaint, Summons, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, and Notice of E-Filing Requirements and Imaged Documents to be served on Defendant's process server by personal service.  Attached as **Exhibit A** and incorporated by reference is a copy of the Complaint.  Attached as **Exhibit B** and incorporated by reference are copies of the other documents Plaintiff served on Defendant.

4.     On June 29, 2023, Defendant caused its Answer to the Complaint to be filed and served.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C** and is incorporated by reference.

5.     Exhibits A – C constitute all the pleadings, process and orders served upon or by Defendant, or filed, in the Superior Court action.

## II.     THE REMOVAL IS TIMELY

6.     This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint.  28 U.S.C. § 1446(b).  Plaintiff filed her Complaint in the San Diego County Superior Court on May 30, 2023, and served Defendant with the Summons and Complaint on June 5, 2023.  Thirty (30) days from June 5, 2023, is Wednesday, July 5, 2023.  Because this Removal is filed on or by July 5, 2023, it is timely.

7.     No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III.    DIVERSITY JURISDICTION EXISTS

### A.     The Court Has Original Subject Matter Jurisdiction Under CAFA.

8.     This lawsuit is a civil action within the meaning of the Acts of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

9.      This action is brought by a putative representative person on behalf of several proposed sub-classes of individuals identified as follows:

a) **Minimum Wage Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

b) **Overtime Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime wages.

c) **Meal Period Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

d) **Rest Period Class:** All current and former hourly non-exempt

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

e) **Wage Statement Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

f) **Waiting Time Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from three (3) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

g) **California Class:** All aforementioned classes are herein collectively referred to as the "California Class."

Compl., ¶ 38. As such, this matter is a purported class action as that term is defined in the CAFA, 28 U.S.C. § 1332(d)(1)(B), and 28 U.S.C. § 1453.

10. This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

and Defendant, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1453.[1] Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

### B.   Diversity of Citizenship Exists.

11.   In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, such that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

### 1.   Plaintiff Is a Citizen of California.

12.   "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

13.   Continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

---

[1] Defendant does not concede and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendant further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

14.     Plaintiff alleges that she is and was a resident of California and that she worked for Defendant in California.  Compl., ¶ 3.  Thus, Plaintiff is domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

## 2.     Defendant Is a Citizen of Delaware, Florida, Georgia, Nevada, and New York.

15.     Defendant Unifi Aviation, LLC is a limited liability company, which is treated the same as unincorporated associations for purposes of citizenship.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for purposes of diversity jurisdiction."  *See id.* (*citing Gen. Tech. Applications, Inc. v. Exro Ltda.,* 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)).

16.     Therefore, for purposes of diversity jurisdiction, the corporate citizenship rule does not apply to LLCs.  *See* 28 U.S.C. § 1332(c).  Instead, the Ninth Circuit looks to the citizenship of each of the LLC's members.  *See Johnson*, 437 F.3d at 899; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990).  Consistent with its sister circuits, the Ninth Circuit has held that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens. *Johnson*, 437 F.3d at 899; *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x 62 (9th Cir. 2011).  "If a member of an LLC is a corporation, then the state of incorporation and its principal place of business must be shown." *Carleu v. FCA US LLC*, 2016 WL 304295, at *1 (C.D. Cal. Jan. 25, 2016).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

17.     Since May 30, 2023, when Plaintiff commenced this action, Unifi has been a Delaware limited liability company, with its principal place of business in Atlanta, Georgia.  The sole member of Unifi Aviation since May 30, 2023, has been AirCo Aviation Services, LLC ("AirCo Aviation Services").

18.     Since May 30, 2023, AirCo Aviation Services has been a Delaware limited liability company, with its principal place of business in Atlanta, Georgia and therefore a citizen of Delaware and Georgia.  During this time, AirCo Aviation Services has consisted of three members:  Delta Air Lines, Inc. ("Delta"), Scrub Holdings, Inc. ("Scrub"), and Argenbright Holdings IV, LLC.

19.     For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Since May 30, 2023, Delta has been a corporation organized and existing under and by virtue of the laws of the State of Delaware.  During this time, Delta has had its corporate headquarters and principal place of business in Atlanta, Georgia.  Accordingly, Delta is a citizen of Delaware and Georgia for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

20.     Since May 30, 2023, Scrub has been a corporation organized and existing under and by virtue of the laws of the State of Delaware.  During this time, Scrub has had its corporate headquarters and principal place of business in Atlanta, Georgia.  Accordingly, Scrub is a citizen of Delaware and Georgia for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

21.     Since May 30, 2023, Argenbright Holdings IV, LLC has been a Delaware limited liability company, with its principal place of business in Atlanta, Georgia and therefore a citizen of Delaware and Georgia.  During this time, Argenbright Holdings IV, LLC has consisted of a sole member, Argenbright Holdings V, LLC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

22.     Since May 30, 2023, Argenbright Holdings V, LLC has been a Delaware limited liability company, with its principal place of business in Atlanta, Georgia and therefore a citizen of Delaware and Georgia.  During this time, Argenbright Holdings V, LLC has consisted of a sole member, Argenbright Master Holding, LLC.

23.     Since May 30, 2023, Argenbright Master Holding, LLC has been a Delaware limited liability company, with its principal place of business in Atlanta, Georgia and therefore a citizen of Delaware and Georgia.  During this time, Argenbright Master Holding, LLC has consisted of three members: Frank A. Argenbright, Jr., The Sarah Blythe Argenbright and Descendants Nevada Trust, and The Hunter B. Argenbright and Descendants Nevada Trust.

24.     Since May 30, 2023, Frank A. Argenbright, Jr. has resided and been domiciled in Florida and therefore has been a citizen of Florida during this time.

25.     Since May 30, 2023, the co-trustees of The Sarah Blythe Argenbright and Descendants Nevada Trust, which was formed in Nevada, have been the Alliance Trust Company of Nevada, Karan Ishwar, and Sarah B. Argenbright.  *See Johnson*, 437 F.3d at 899 ("A trust has the citizenship of its trustee or trustees."). The Alliance Trust Company of Nevada was formed in Nevada and has Reno, Nevada, as its principal place of business.  Thus, for diversity purposes, the Alliance Trust Company of Nevada is a citizen of Nevada.  Karan Ishwar and Sarah B. Argenbright are individuals who have resided and have been domiciled in Georgia since May 30, 2023, thereby making them citizens of Georgia for diversity purposes.

26.     Since May 30, 2023, the co-trustees of The Hunter B. Argenbright and Descendants Nevada Trust, which was formed in Nevada, have been the Alliance Trust Company of Nevada, Karan Ishwar, and Hunter B. Argenbright. The Alliance Trust Company of Nevada was formed in Nevada and has Reno,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

Nevada, as its principal place of business. Thus, for diversity purposes, the Alliance Trust Company of Nevada is a citizen of Nevada. Karan Ishwar is an individual who has resided and has been domiciled in Georgia since May 30, 2023, thereby making her a citizen of Georgia for diversity purposes. Hunter B. Argenbright is an individual who has resided and has been domiciled in New York since May 30, 2023, thereby making him a citizen of New York for diversity purposes.

27.    Based on the Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of one defendant, as the named Plaintiff is a citizen of California, while Unifi is a citizen of Delaware, Florida, Georgia, Nevada, and New York. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Thus, minimal diversity exists.

28.    Although Plaintiff has listed 100 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (same).

**C.    There Are More Than 100 Putative Class Members.**

29.    CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

**D.    The Amount-in-Controversy Requirement Is Satisfied.**

30.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).

31.     The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554.  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

32.     Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of federal jurisdiction.  Sen. Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case.").

33.     In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a minimum number of meal and rest period violations per class member.  471 Fed. App'x at 648.  Noting that the plaintiffs alleged that their claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiffs' claimed damages by the number of putative class members in order to meet the amount in controversy requirement.  *Id.* at 649.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

34.    While Defendant denies Plaintiff's factual allegations and denies that she or the putative class she purports to represent are entitled to any of the relief Plaintiff has requested in the Complaint, it is clear that, when the maximum potential value of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5,000,000.[2] *Rhoades v. Progressive Casualty Ins., Co.*, 410 F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

35.    Plaintiff alleges, in pertinent part, that Defendant "uniformly administered a corporate policy, practice of: (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226(a) . . . (d) failing to provide off-duty 30-minute meal breaks to employees who worked 5 hours or longer in one shift in violation of Labor Code §§ 226.7 and 512 as a result of having to walk to the time clock and wait to clock-in, resulting in receiving less than 30 minutes for meal periods; [and] (e) failing to provide off-duty 10-minute rest breaks to employees who worked 3.5 hours or longer in violation of Labor

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. In addition, Defendant denies that liability or damages can be established on a class wide basis. Defendant specifically denies that Plaintiff or the putative class have suffered any damages as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1  Code § 226.7; . . ." Compl., ¶¶ 24, 29, 34.

2       **1.    Plaintiff's Meal Break Claim Places at Least $2,418,000 in**
3             **Controversy.**

4       36.    In the Third Cause of Action, Plaintiff alleges that, "Plaintiff and the
5  Meal Period Class worked shifts long enough to entitle them to meal periods under
6  California law. Nevertheless, Defendants employed policies, practices, and/or
7  procedures that resulted in their failure to authorize or permit meal periods to
8  Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each
9  five-hour period of work as required by law. Such policies, practices, and/or
10 procedures included, but were not limited to: (a) Discouraging off-premises meal
11 breaks by requiring Plaintiff and the Meal Period Class to be subjected to undergo
12 off-the-clock security procedures during meal breaks if they decided to leave
13 Defendant's premises during their meal breaks."  Compl., ¶ 62.

14      37.    Plaintiff defines the "Meal Period Class" as "All current and former
15 hourly non-exempt employees employed by Defendants as direct employees as
16 well as temporary employees employed through temp agencies in California at any
17 time from four (4) years prior to the filing of the initial Complaint in this matter
18 through the date notice is mailed to a certified class who worked shifts more than
19 five (5) hours yet Defendants failed to authorize or permit all required duty-free
20 meal periods of not less than thirty (30) minutes"  *Id.* at ¶ 38(c).

21      38.    California Industrial Welfare Commission Wage Order 9 provides in
22 relevant part that "[n]o employer shall employ any person for a work period of
23 more than five (5) hours without a meal period of not less than 30 minutes."  IWC
24 Wage Order 9, § 11(A).  Labor Code Section 226.7 provides that if an employer
25 fails to provide a meal period as required by law, the employer shall pay "one
26 additional hour of pay at the employee's regular rate of compensation for each
27 work day that the meal . . . period was not provided."  *See also Brinker v. Superior*
28 *Court*, 53 Cal. 4th 1004, 1039 (2012).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

39.     According to Defendant's records, since January 1, 2020, Defendant's hourly, non-exempt employees in California have worked approximately 465,000 shifts that lasted longer than five hours.

40.     Based on the Complaint's allegations, Defendant could reasonably assume that Plaintiff seeks meal period premiums for every shift over five hours in length that a putative class member has worked. *See, e.g.*, *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal May 21, 2015) ("It is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied."); *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (approving a 100% violation rate because the complaint alleged "universal deprivation of meal and rest periods" because the defendant allegedly had "at all material times" failed to provide uninterrupted meal and rest periods).

41.     Even though Defendant reasonably could assume a 100% violation rate for purposes of removal, here Defendant conservatively estimates that Plaintiff has put into controversy two alleged meal period violations for every five shifts over five hours (*i.e.*, an assumed 40% violation rate).  Assuming that Defendant failed to provide two meal periods every five shifts over five hours, the potential amount in controversy under Section 226.7 for failing to provide meal breaks to Unifi's hourly, non-exempt employees in California since January 1, 2020 would be at least: (465,000 x 0.4) shifts x 1 meal period premium x $13 (lowest hourly minimum wage during the relevant period) = **$2,418,000**.

## 2.     <u>Plaintiff's Rest Break Claim Places At Least $2,808,000 in Controversy.</u>

42.     In the Fourth Cause of Action, Plaintiff alleges that, "[a]t all times relevant to this Complaint," Plaintiff and other putative class members "regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or procedures included, but were not limited to: (a) Discouraging off-premises rest breaks by requiring Plaintiff and the Rest Period Class to be subjected to undergo off-the-clock security procedures during rest breaks if they decided to leave Defendant's premises during their rest breaks." Compl., ¶ 70. Similar to Plaintiff's allegations in support of her meal break claim, with respect to Plaintiff's rest break claim, Plaintiff alleges that "Defendants lacked a policy and procedure for compensating Plaintiff and the Rest Period Class with premium wages when they did not receive all legally required and legally compliant rest periods." *Id.*, ¶ 71.

43.    Wage Order 9 provides in relevant part that "[e]very employer shall authorize and permit all employees to take rest periods . . . . The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours."  IWC Wage Order 9, § 12(A).  Labor Code Section 226.7 provides that if an employer fails to provide rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the . . . rest period was not provided."  *See also Brinker*, 53 Cal. 4th at 1039.

44.    According to Defendant's records, since January 1, 2020, Defendant's hourly, non-exempt employees in California have worked approximately 540,000 shifts that lasted 3.5 hours or longer.

45.    Based on the Complaint's allegations that "Defendants lacked a policy and procedure for compensating Plaintiff and the Rest Period Class with premium wages when they did not receive all legally required and legally

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

compliant rest periods." *Id.*, ¶ 71, Defendant could reasonably assume that Plaintiff seeks rest period premiums for every shift of 3.5 hours or longer that a putative class member has worked. *See, e.g.*, *Mejia*, 2015 WL 2452755, at *4; *Sanchez*, 2015 WL 12765359, at *6.

46.   Even though Defendant reasonably could assume a 100% violation rate for purposes of removal, here Defendant conservatively estimates that Plaintiff has put into controversy two alleged rest period violations for every five shifts of 3.5 hours or longer (*i.e.*, an assumed 40% violation rate).  Assuming that Defendant failed to provide two rest periods every five shifts of 3.5 hours or longer, the potential amount in controversy under Section 226.7 for failing to provide rest breaks to Unifi's hourly, non-exempt employees in California since January 1, 2020 would be at least: (540,000 x 0.4) shifts x 1 rest period premium x $13 (lowest hourly minimum wage during the relevant period) = **$2,808,000**.

### 3.   Plaintiff's Waiting Time Claim Places At Least $6,033,300 in Controversy.

47.   In the Sixth Cause of Action, Plaintiff alleges that Defendant failed to Plaintiff and other members of the putative Waiting Time Class "with all wages earned and unpaid prior to separation of employment, in accordance with either Labor Code section 201 or 202."  Compl., ¶ 88.

48.   Plaintiff alleges that "at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment."  *Id.*

49.   The "Waiting Time Class" is defined as "All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from three (3) years prior to the filing of the initial Complaint in this action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period." *Id.*, ¶ 38(e).

50. Plaintiff alleges that Plaintiff and the putative class she purports to represent are thus entitled to "continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days." *Id.*, ¶ 91.

51. According to Unifi's records, approximately 2,210 hourly, non-exempt employees in California have separated from their employment with the Company since May 30, 2020. The lowest minimum wage in California during this period was $13 per hour and the average number of daily hours worked by these former employees at the end of their employment is approximately 7 hours. As such, the amount of waiting time penalties at issue, based on Plaintiff's allegations, is approximately **$6,033,300** (2,210 formerly employed putative class members x $13 per hour x 7 hours per day x 30 days).

### 4. Plaintiff's Wage Statement Claim Places At Least $5,343,350 in Controversy.

52. In the Fifth Cause of Action, Plaintiff asserts a derivative wage statement claim and alleges that Defendant "failed to provide accurate wage and hour statements to her and the Wage Statement Class . . . and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages) in violation of Labor Code section 226." Compl., ¶ 78. Plaintiff further alleges that Defendant provide Plaintiff and members of that Putative Wage Statement class with "itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned." *Id.*, ¶ 79. In addition, Plaintiff alleges that Defendant's failure to provide accurate wage statements was knowing and intentional, which entitles Plaintiff to statutory

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

16

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1    damages under Labor Code Section 226(e).  *Id.*, ¶¶ 80-83.

2          53.    Labor Code section 226(e) provides that an employee is entitled to

3    recover the greater of all actual damages or $50 for the initial alleged violation and

4    $100 for each alleged subsequent violation, up to a maximum of $4,000, plus costs

5    and reasonable attorneys' fees, if an employer knowingly and intentionally fails to

6    provide an accurate, itemized wage statement.  Cal. Lab. Code § 226(e).  Such an

7    award may be granted for each wage statement issued that fails to comply with

8    Section 226's requirements.  Thus, according to Plaintiff's theory, she and the

9    putative class would be entitled to no less than $50 for the first violation, plus $100

10   for each subsequent violation, for every pay period during the class period where

11   they allegedly did not receive an accurate statement of wages, subject to a

12   maximum award of $4,000.  There is a one-year statute of limitations on this

13   claim.  *See* Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc.*,

14   2010 WL 3123175, at *6 (S.D. Cal. August 9, 2010).

15         54.    According to its records, Unifi employed approximately 1,613 hourly,

16   non-exempt employees in California who performed some work and were paid

17   during at least one pay period from May 30, 2022, to May 5, 2023, representing a

18   total of approximately 54,240 pay periods.  During the relevant time period, Unifi

19   paid its hourly, non-exempt employees in California on a weekly basis.

20         55.    As such, Plaintiff's wage statement claim places at least **$5,343,350** in

21   controversy [($50 for initial violation x 1,613 pay periods) + ($100 for subsequent

22   violation x 52,627 pay periods)].

23         **5.    Plaintiff's Alleged Attorneys' Fees Place at Least $4,150,662**
24              **in Controversy.**

25         56.    Plaintiff seeks to recover attorneys' fees.  Compl., ¶ 1.  Attorneys'

26   fees are properly included in determining the amount in controversy if the law

27   under which the plaintiff has brought suit allows for their recovery.  *See Fritsch v.*

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

17

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

*Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'").

57.    For purposes of class actions, attorneys' fees may be calculated by assuming 25 percent of the potential damages on claims for which attorneys' fees are available. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  Here, attorneys' fees are available on waiting time penalty claims, meal break claims, and rest break claims. *See* Labor Code § 1194(a).  The amount in controversy for Plaintiff's meal period claim is $2,418,000, rest period claim is $2,808,000, wage statement penalties claim is $5,343,350, and waiting time penalties claim is $6,033,300, for a total of $16,602,650.  Therefore, the amount in controversy for attorneys' fees is **$4,150,662** ($16,602,650 x 0.25).

### 6.    For CAFA Purposes, the Amount in Controversy Exceeds $5,000,000.

58.    As demonstrated above, the alleged damages on Plaintiff's Third, Fourth, Fifth, and Sixth Causes of Action total at least $20,753,312.  In addition, Plaintiff seeks recovery for himself and all putative class members for further causes of action, including alleged failure to pay minimum wage and unpaid overtime.  Each of these claims, if added to the aggregate potential damages, further increases the amount in controversy.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

18

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

59.    Based on the calculations outlined above, the total amount in controversy exceeds $5,000,000.00 as follows:

| | | |
|---|---|---|
| A. | Meal period premiums: | $2,418,000 |
| B. | Rest period premiums: | $2,808,000 |
| C. | Wage Statement penalties: | $5,343,350 |
| D. | Waiting Time penalties: | $6,033,300 |
| E. | Attorneys' fees: | $4,150,662 |

**TOTAL AMOUNT IN CONTROVERSY:  $20,753,312**

60.    Thus, although Defendant denies Plaintiff's allegations and theories of maximum recovery, denies that Plaintiff or the putative class she purports to represent are entitled to any of the relief for which they have prayed, and expressly reserves all of its defenses, based on Plaintiff's allegations, the amount in controversy on **only four** of Plaintiff's **seven claims** for damages is at least **$20,753,312** and thus exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

61.    Therefore, Plaintiff's Complaint satisfies the amount in controversy requirement of CAFA.

## IV.    <u>THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.</u>

62.    As set forth above, this Notice of Removal is filed within thirty days of service of process on Defendant and all process, pleadings, and orders that have been served (or purportedly served) on Defendant in this action are attached hereto in **<u>Exhibits A - C</u>**.

63.    Venue lies in the Southern District of California pursuant to 28 U.S.C. § 1441(a), 1446(a) and 84(c).  This action was originally brought in the Superior Court of the State of California, County of San Diego, and arises in part out of Plaintiff's employment there.  Compl., ¶ 2.  Therefore, this is the appropriate Court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

19

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

for removal.

64.    As required by 28 U.S.C. § 1446(d), Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of San Diego.

65.    Defendant is informed and believes and, on that basis, alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.

66.    Defendant has sought no similar relief.

67.    If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

68.    By this Notice of Removal and the exhibits attached hereto and the documents filed concurrently herewith, Defendant does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

## V.    **CONCLUSION**

69.    Pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. § 1446, Defendant prays that the above-captioned action pending in the Superior Court of the State of California, County of San Diego, be removed therefrom to the United States District Court for the Southern District of California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

20

CASE NO. _____
UNIFI'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1

Dated:  July 5, 2023                                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                                              By _____
                                                                        /s/ Andrew P. Frederick

4                                                                         Andrew P. Frederick
                                                                          Joseph R. Lewis

5                                                                 Attorneys for Defendant
                                                                  UNIFI AVIATION, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          CASE NO. _____
                  21              UNIFI'S NOTICE OF REMOVAL OF
                                  ACTION TO FEDERAL COURT